**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| HERMAN RADJAB, | No. 09-71040 |
| Petitioner, | |
| v. | Agency No. A096-361-120 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 6, 2013
Pasadena, California

Before: PREGERSON and FISHER, Circuit Judges, and GWIN, District Judge.[**]

Herman Radjab appeals the decision of the Board of Immigration Appeals

(BIA) denying him relief under the Convention Against Torture (CAT) and

denying his cross appeal. We reverse the BIA's decision denying CAT relief. We

affirm the BIA's decision denying Radjab's cross appeal.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable James S. Gwin, District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

We review for substantial evidence the factual findings underlying the BIA's determination that an applicant is not eligible for protection under CAT. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). Substantial evidence does not support the BIA's determination that Radjab does not qualify for protection under CAT.

To qualify for CAT relief, Radjab must show that if deported to Indonesia "he is more likely than not to suffer intentionally-inflicted cruel and inhuman treatment that either (1) is not lawfully sanctioned by that country or (2) is lawfully sanctioned by that country, *but* defeats the object and purpose of CAT." *Nuru v. Gonzales*, 404 F.3d 1207, 1221 (9th Cir. 2005) (internal citations omitted). Radjab demonstrated that he meets these requirements.

The Immigration Judge (IJ) found that Radjab's "parents and brother died in an explosion which occurred when members of the government military were at the respondent's parent's house. [Radjab] later learned through his uncle that military officers were also looking for him." The IJ found that Radjab "is subject to torture, even death, at the hands of government agents," and granted CAT relief to Radjab.

In reversing the IJ, the BIA explained that "[t]he evidence in the record does not clearly identify who killed the respondent's parents and brother, or why they

2

were killed more than two decades ago." The BIA never discussed the IJ's finding that military officials apparently killed Radjab's family and pursued Radjab. The IJ based this finding on Radjab's credible testimony. Even though Radjab does not know the precise identity of the military officials who killed his family, military participation establishes that the likely torture would be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1).

The BIA ignored crucial evidence when it implied that Radjab has no idea who killed his family. In denying CAT claims, the BIA is not required to discuss all the evidence before it. "But, where there is any indication that the BIA did not consider all of the evidence before it, a catchall phrase does not suffice, and the decision cannot stand. Such indications include misstating the record and failing to mention highly probative or potentially dispositive evidence." *Cole v. Holder*, 659 F.3d 762, 771-72 (9th Cir. 2011). Here, the BIA failed to mention the highly probative evidence that military officials likely killed Radjab's family.

Furthermore, in reversing the IJ, the BIA explained that Radjab failed to establish why he faces torture. But CAT relief does not depend on the reason a petitioner faces torture. *Kamalthas v. INS*, 251 F.3d 1279, 1280 (9th Cir. 2001) ("[R]elief under the Convention does not require that the prospective risk of torture

3

be on account of certain protected grounds."). Thus, Radjab's uncertainty regarding why he faces torture does not support the BIA's decision to deny Radjab CAT relief.

The record demonstrates that Radjab would likely be pursued and killed if he was deported to Indonesia. Thus, Radjab is entitled to "mandatory withholding of removal on the basis of his claim under the Convention." *Nuru*, 404 F.3d at 1230.

The BIA held that Radjab waived his appeal of the IJ's denial of his asylum and withholding claims. We review that decision for abuse of discretion. *See Irigoyen-Briones v. Holder*, 644 F.3d 943, 951 (9th Cir. 2011). Radjab did not file a timely appeal or cross-appeal of the IJ's denial of his asylum and withholding of removal claims. He did not offer an explanation for the delay. Thus, the BIA did not abuse its discretion by holding that Radjab waived that appeal.

The BIA's denial of Radjab's CAT claim is REVERSED. Radjab's case is REMANDED to the BIA for an order GRANTING relief. The BIA's denial of Radjab's cross appeal is AFFIRMED. Costs are awarded to the petitioner.

4